IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL SORTWELL,** | ) | **CIVIL ACTION NO.** 2:22-CV-1680 |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **BERRY METAL COMPANY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

### I.   PRELIMINARY STATEMENT

Plaintiff, Michael Sortwell, seeks lost wages and benefits, compensatory and punitive damages, costs, and attorney's fees because Defendant, Berry Metal Company, terminated his employment because of his association with an individual with a disability, in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12112.  Plaintiff seeks the same remedies as a result of Defendant terminating him in retaliation for his protected activity, in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12203.

### II.   JURISDICTION

1. This Court has jurisdiction of this matter by virtue of 28 U.S.C. § 1331, in that this is a civil action wherein the matter in controversy arises under the laws of the United States.

2. Venue is proper in this judicial district under 28 U.S.C. § 1391(b), in that this is a civil action in which jurisdiction is not founded solely on diversity of citizenship, and the acts constituting a substantial part of the events and omissions giving rise to the claims occurred in the Western District of Pennsylvania.

3. On March 22, 2022, Plaintiff filed a Charge of Discrimination with the EEOC against Defendant, alleging disability discrimination and retaliation as the cause of his termination. On August 31, 2022, the EEOC issued a Notice of Right to Sue.[1]

### III. PARTIES

4. Plaintiff, Michael Sortwell, is an adult individual who resides at 116 Brave Run Road, Canonsburg, PA 15317. At the time of the incidents complained of in this lawsuit and presently, he was and is a citizen of the Commonwealth of Pennsylvania and the United States of America.

5. Defendant, Berry Metal Company, provides furnace technology for the iron and steel industries, with its headquarters located at 2408 Evans City Road, Harmony, PA 16037.

### IV. STATEMENT OF CLAIM

6. On August 9, 2021, prior to the start of Mr. Sortwell's employment with Defendant, he informed David Werner, Defendant's President and COO at the time, that his wife is immunocompromised and explained his need to take precautions to minimize his risk of exposure to COVID-19 in order to protect his wife.

7. On August 23, 2021, Mr. Sortwell began working for Defendant as its Executive Director of Engineering.

8. To protect himself and his wife, Mr. Sortwell wore a mask while at work.

9. On August 24, 2021, in a conversation with George Boy, Defendant's President and Mr. Werner's successor, Mr. Sortwell reiterated his need to take precautions in order to protect his immunocompromised wife.

---

[1] Once the administrative requirements have been exhausted, Plaintiff intends to amend this Complaint to include two additional counts under the PHRA

10. Mr. Sortwell told Mr. Boy of his desire to limit his business travel to essential trips as one of those precautions.

11. During that conversation, Mr. Boy did not express any concerns regarding Mr. Sortwell's ability to fulfill his job duties, even with limited travel.

12. Mr. Boy also said that he already knew of Mr. Sortwell's need for precautions, which he learned from a conversation with the departing Mr. Werner.

13. On September 5, 2021, Kenneth Geibel, Lead Engineer, informed Mr. Sortwell that he tested positive for COVID-19.

14. Because Mr. Sortwell (and others) had been in close contact with Mr. Geibel, Mr. Sortwell sought guidance from Casey Lege, Controller, and Mr. Boy regarding notification and quarantine procedures.

15. Ms. Lege appeared to be completely unprepared to deal with the situation, and Mr. Boy seemed unconcerned.

16. Mr. Sortwell urged Ms. Lege to follow CDC and OSHA guidance in order to protect Defendant's employees and the individuals they may come in contact with.

17. When Mr. Sortwell learned that Ms. Lege had not notified any of the exposed employees, he called her and reminded her of the risks posed by COVID-19.

18. Mr. Sortwell even drafted and sent to Ms. Lege and Mr. Boy a COVID-19 policy for Defendant to implement.

19. Ultimately, Mr. Sortwell sensed that Ms. Lege and Mr. Boy were not receptive to his efforts to protect himself and others in the workplace, so he did not pursue the issue further.

20. Following the exposure, Mr. Sortwell quarantined at home until he received a negative COVID-19 test.

21. Though Defendant had implemented a mandatory mask policy for its employees, the mask policy was not enforced and was loosely followed.

22. Coworkers frequently commented on Mr. Sortwell's mask-wearing habits, saying things like, "What's the deal with the mask?" and "I haven't seen you without a mask on yet."

23. As Mr. Sortwell struggled with the stress caused by Defendant's lack of COVID-19 protections, his wife's health began deteriorating, which caused him to be absent on October 7, 8, 11, and 12, 2021.

24. Mr. Sortwell notified Mr. Boy of the reason for his absences, including his wife's ultimate hospitalization.

25. On October 12, 2021, Mr. Boy terminated Mr. Sortwell's employment, citing the following pretextual reasons: "not a good fit"; Defendant's desire to go in a "different direction"; "unwillingness to learn the job"; and unwillingness to meet the job's travel requirements.

26. Prior to his termination, Defendant never informed Mr. Sortwell that his efforts to learn his position were inadequate, nor did he receive any counseling or discipline from his superiors.

27. Additionally, Mr. Sortwell's requested travel limitations only became an issue upon his termination, after his wife was hospitalized.

V.   CLAIMS FOR RELIEF

COUNT I – VIOLATION OF ADA – TERMINATION

28. Plaintiff incorporates by reference the averments contained in all preceding paragraphs as if fully set forth herein.

29. Defendant has intentionally and willfully engaged in a series of unlawful acts in discriminating against Plaintiff with respect to compensation, terms, conditions, or privileges of employment in violation of the ADA, as amended, 42 U.S.C. § 12112.

30. Defendant's decision to terminate Plaintiff was induced by its intent to discriminate against Plaintiff because of his association with an individual with a disability.

31. Plaintiff has been directly harmed as a result of Defendant's violations as is fully set forth above.

## **COUNT II – VIOLATION OF ADA – RETALIATION**

32. Plaintiff incorporates by reference the averments contained in all preceding paragraphs as if fully set forth herein.

33. Defendant has intentionally and willfully engaged in a series of unlawful acts in retaliating against Plaintiff with respect to compensation, terms, conditions, or privileges of employment in violation of the ADA, as amended, 42 U.S.C. § 12203.

34. Defendant's decision to terminate Plaintiff was induced by its intent to retaliate against Plaintiff because of his protected activity.

35. Plaintiff has been directly harmed as a result of Defendant's violations as is fully set forth above.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Honorable Court will:

(a) Assume jurisdiction herein;

(b) Declare Defendant's conduct to be unlawful and an intentional violation of Plaintiff's rights;

(c) Award Plaintiff wage loss damages, including back pay, front pay, and lost future earnings, damages associated with the increased tax burden of any award, and lost fringe and other benefits of employment;

(d) Award Plaintiff compensatory and punitive damages;

(e) Award Plaintiff pre- and post-judgment interest;

(f) Award Plaintiff costs and attorney's fees; and

(g) Grant such other relief as the Court deems just and appropriate.

**JURY TRIAL DEMANDED**

Respectfully Submitted,

/s/ *Nicholas W. Kennedy*

Nicholas W. Kennedy
PA ID No. 317386

Quatrini Law Group
550 E. Pittsburgh St.
Greensburg, PA 15601